UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN TORRES,<br>           Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Civ. No. 19-16395<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the court on the motion of the plaintiff, Jonathan Torres, to remand this removed action to state court. (DE 6) For the reasons stated herein, the motion is denied. Also pending, though not yet fully briefed, is a motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. (DE 3) Because the remand issue is logically prior, I have decided it separately here.

### I.    Procedural Background

    The complaint (DE 1-1) was filed on January 28, 2019, in Superior Court, Hudson County. Named as defendant was Mark Otha, an officer employed by an agency of the United States, U.S. Customs and Border Protection (CBP), at Newark Liberty International Airport. The allegations of the complaint are as follows.

    The plaintiff, Jonathan Torres, is not a federal employee, but a security officer employed by Universal Security Services. One of his duties is to inspect Port Authority identification cards of all employees entering the inbound side of the airport in their vehicles.

    On April 15, 2017, Otha drove up to the security checkpoint at the airport, where Torres was working. He presented his ID as required. Torres

1

requested that Otha lower his car window, then a requirement of his job, so that he could check the occupants of the car. Otha refused, and responded to Torres's request by laughing at Torres and belittling him. A Port Authority police officer arrived, and he and Otha shouted at each other. Eventually Otha lowered his window slightly and proceeded past the check point, continuing to argue with the police officer as he did so.

Some five months later, on September 9, 2017, Torres was again on duty at a security checkpoint at the airport. Otha pulled up in his car and accelerated as he approached Torres. Torres, afraid of being hit, had to run out of the way. When Torres confronted Otha about his driving, Otha laughed, said he did not care, and said that Torres had been in his way.

The complaint asserts two claims against Otha: one for assault, and one for intentional infliction of emotional distress.[1]

On August 6, 2019, the United States filed a Certification of Scope of Employment. (DE 1-2) It states that Otha was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint.

Simultaneously, the United States filed a notice of removal, citing 28 U.S.C. §§ 2679(d) and 1442(a)(1). ("NOR", DE 1) The NOR states as follows: The action must be deemed one against the United States, which is the only proper defendant in a tort action brought against a federal employee acting within the scope of employment. The exclusive remedy for such a tort claim is the Federal Tort Claims Act ("FTCA"). (NOR, citing 28 U.S.C. § 2679(b)) The exclusive forum for such an action under the FTCA is the United States District Court, and the action is properly removed. (NOR ¶¶6–7) Because the state case had not yet reached the stage of trial, removal was timely under 28 U.S.C. § 2679(d).

---

[1] The accompanying Summons bears a date of June 20, 2019. The date of service does not appear. Mr. Torres's brief states that the defendant was furnished a copy of the complaint at or about the time it was filed. The discrepancy is unexplained.

2

## II. Motion to Remand

Some misunderstanding has arisen because this action was not removed under the general removal statute. It falls under the specialized regime applicable to FTCA actions against the United States. It is worthwhile, then, to quote the applicable statute ("Section 2679(d)(2)") at the outset:

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

Mr. Torres cites three grounds for remand:

(a) The NOR was not timely filed within 30 days of defendant's receipt of the complaint (citing 28 U.S.C. § 1446(b)(1)).

(b) The court lacks jurisdiction because the action was not filed against the United States, but against Mr. Otha individually.

(c) Despite the government's Certification, Mr. Otha was not acting within the scope of employment when these two incidents occurred.[2]

First, the removal was timely. True, the general removal statute, 28 U.S.C. § 1446(b)(1), contains a 30-day time limit. That time limit does not apply, however, to removal of an FTCA case against the United States under the specialized removal provision of Section 2679(d)(2). That statute provides that the United States may remove the case from state court "at any time

---

2   Torres also seeks attorney's fees in connection with remand. See 28 U.S.C. § 1447. Because the case will not be remanded, I do not reach this issued.

3

before trial." 18 U.S.C. § 2679(d)(2). The NOR recites, and no one seems to dispute, that the case was removed before trial. *See Clark v. Wells Fargo Bank*, 585 F. App'x 817, 820 (3d Cir. 2014) (removal after § 1446(b)'s 30-day time limit was nevertheless timely under § 2679(d)(2), because it occurred before trial).

Second, it is not significant that the plaintiff named Mr. Otha in his individual capacity. The Attorney General may certify that the individual defendant was acting within the scope of federal employment, and "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). In such a case, "the United States shall be substituted as the party defendant." *Id.* Once the certification of scope of employment is filed and the removal is effected, the U.S. District Court has exclusive jurisdiction over the case, and remand is unavailable. *See Osborn v. Haley*, 549 U.S. 225, 231 (2007).

Third, notwithstanding the foregoing, a plaintiff may under some circumstances challenge the scope-of-employment certification—not to obtain a remand, but in connection with substitution of the United States as defendant and the federal employee's immunity from suit. *Osborn*, 549 U.S. at 241–42; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). Here, however, Torres's argument—that Otha was not acting as a federal employee—cannot succeed.

As to the issue of whether a tortious act occurred within the scope of employment, the court looks to principles of state law. New Jersey looks to whether the action (1) is of the kind that the servant is employed to perform; (2) occurs substantially within the authorized time and space limits of employment; and (3) is actuated, at least in part, by a purpose to serve the master. *See Abbamont v. Piscataway Tp. Bd. Of Educ.*, 650 A.2d 958, 963 (1994). Commission of intentional torts, of course, is not ordinarily a legitimate part of one's job duties, but that is not the test. The courts look to the general scope of employment, not the tortious nature of the act; thus it is well settled

4

that intentional torts may fall within the scope of employment. *See Alexander v. Riga*, 208 F.3d 419, 432-33 & n. 9 (3d Cir. 2000); *Cadet v. United States*, No. 2:14-CV-7728, 2015 WL 2381604, at *2 (D.N.J. May 18, 2015); *Borawski v. Henderson*, 265 F. Supp. 2d 475 (D.N.J. 2003).

Torres submits no independent evidence, but rests on the allegations of his complaint. Taking the complaint's allegations at face value, it is reasonable to conclude that an employee's presentation of ID and entry into the workplace is within the scope of employment. A CBP officer is authorized and required to be at the airport during working hours. Presentation of valid ID at a security checkpoint is an important aspect of a national security job.[3]

I therefore find that the certification has not been successfully rebutted, and that Otha acted within the scope of employment.

### III. Conclusion

Accordingly, for the reasons stated above, Mr. Torres's motion to remand is DENIED. (DE 6)

Dated: November 1, 2019

Kevin McNulty
**United States District Judge**

---

[3] The United States also suggests that Torres, by filing an administrative tort claim under the FTCA, has tacitly confirmed that Otha was acting within his employment as a CBP officer.

5