# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN TORRES,<br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | Civ. No. 19-16395<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the court on the motion of the defendant, the United States of America, to dismiss this removed action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (DE 3). For the reasons stated herein, the motion is granted.

## I. Procedural Background

    The complaint (DE 1-1) was filed on January 28, 2019, in Superior Court, Hudson County.[1] The allegations of the complaint are as follows.

    The plaintiff, Jonathan Torres, is not a federal employee, but a security officer employed by Allied Universal Security Services at Newark Liberty International Airport. (DE 1-1 ¶ 1). One of his duties is to inspect Port Authority identification cards of all employees entering the inbound side of the airport in their vehicles. (*Id.* ¶ 2).

    Torres was working on April 15, 2017, when defendant Mark Otha, an officer employed by an agency of the United States, U.S. Customs and Border Protection (CBP), drove up to the security checkpoint at the airport. (*Id.* ¶ 5–6). Otha presented his ID as required but refused to comply with Torres's request that Otha lower his car window so that he could check the occupants of the

---

[1]    The complaint appears to have been served approximately 6 months later, on June 20, 2019. No explanation is provided for the delay.

1

car. (*Id.* ¶ 7). Instead, Otha responded to Torres's request by laughing at Torres and belittling him. (*Id.*). A Port Authority police officer arrived, and he and Otha shouted at each other. (*Id.* ¶ 8). Eventually Otha lowered his window slightly and proceeded past the check point, continuing to argue with the police officer as he did so. (*Id.* ¶¶ 9–10). As a result of the incident, Torres filed a "Security Incident Report" with his employer. (*Id.* ¶ 12).

Some five months later, on September 9, 2017, Torres was again on duty at a security checkpoint at the airport. (*Id.* ¶ 15). Otha pulled up in his car and accelerated as he approached Torres. (*Id.* ¶ 16). Torres, afraid of being hit, had to run out of the way. (*Id.* ¶ 17). When Torres confronted Otha about his driving, Otha laughed, said he did not care, and said that Torres had been in his way. (*Id.* ¶ 18). After this incident, Torres again filed an incident report with his employer. (*Id.* ¶ 19).

The complaint asserts two claims against Otha: one for assault, and one for intentional infliction of emotional distress.

On August 6, 2019, the United States filed a Certification of Scope of Employment stating that Otha was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the complaint. (DE 1-2) Simultaneously, the United States filed a notice of removal, citing 28 U.S.C. §§ 2679(d) and 1442(a)(1). ("NOR", DE 1).

On August 16, 2019, the United States moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim. (DE 3).

On September 5, 2019, plaintiff filed a motion to remand the case to state court. (DE 6).

On November 1, 2019, I denied plaintiff's motion to remand, finding that the action was properly removed because the federal district court is the exclusive forum. Tort actions against federal employees acting within the scope of employment are deemed to be actions against the United States. The exclusive vehicle for such a tort claim against the United States is the Federal

Tort Claims Act ("FTCA"). I also held that because the state case had not yet reached the stage of trial, removal was timely under 28 U.S.C. § 2679(d).

### a. Legal standard

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Id.* Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

### b. Failure to Exhaust Under FTCA

The United States argues that Torres's claims may be dismissed pursuant to the doctrine of derivative jurisdiction in this case, which was

3

removed from state court.[2] However, as discussed below, Torres's claims are barred under the FTCA for failure to exhaust or otherwise plead compliance with the FTCA's pre-suit administrative requirements. Therefore, I do not reach the issue of whether the derivative jurisdiction doctrine applies to this case. *Cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 585 (1999) (noting that there is no mandatory "sequencing of jurisdictional issues" and the court may "choose among threshold grounds for denying audience to a case on the merits.").

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA is a limited waiver of that sovereign immunity. Subject to a number of exceptions and conditions, it allows a plaintiff to recover damages for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b); 2679(b)(1). One of those conditions is that a plaintiff may not bring suit against the United States "unless [he] shall have first presented the claim to the

---

[2] With respect to the doctrine of derivative jurisdiction, the Supreme Court has held that "if the state court lacks jurisdiction over the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). The FTCA does not provide any waiver of sovereign immunity for claims brought against the United States in state courts. *Parisi v. United States*, CIV. 12–3109 RMB 2013 WL 1007240 (D.N.J. Mar.12, 2013). State courts, therefore, wholly lack jurisdiction over claims raised against the federal government under the FTCA. *Id.* Because the state court in which Torres originally brought suit lacked jurisdiction over his claim, the defendant argues, this Court did not acquire jurisdiction when the case was removed from state court.

Though Congress has amended the removal statute to preclude application of this derivative jurisdiction doctrine to cases removed under 28 U.S.C § 1441, *see id.* § 1441(f), "the doctrine arguably still applies to removals ... pertaining to federal officers" under § 1442 *Calhoun v. Murray*, 507 F. App'x 251, 256 (3d Cir. 2012). Courts continue to dismiss for lack of jurisdiction under the doctrine. *See, e.g., Parisi*, 2013 WL 1007240 (D.N.J. Mar.12, 2013); *Turturro v. Agusta Aerospace Corp.*, 2010 WL 3239199 (E.D. Pa. Aug.13, 2010).

4

appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

As to such FTCA claims, the only proper defendant is the United States itself. On that basis, claims brought against parties other than the United States, such as federal agencies or individuals, are routinely dismissed. *See Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015); *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1074 (D.N.J. 1995) (dismissing FTCA claims against federal agency and federal employee because only proper defendant would be the United States).

"Exhaustion of all administrative remedies under the FTCA 'is jurisdictional and cannot be waived.' *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971)." *Dunn v. Samuels*, No. CV 16-3558(RMB), 2016 WL 3621122, at *3 (D.N.J. July 6, 2016); *accord Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). "Strict compliance with Section 2675(a) is required to establish subject matter jurisdiction over an FTCA suit. *See e.g., Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)." *Hermann v. United States*, No. 15-6682 (RBK/AMD), 2016 WL 3512112, at *1 (D.N.J. June 27, 2016).

Because exhaustion of administrative remedies is not just a requirement but a *pre*-requisite to suit, the relevant time for measuring exhaustion is the date of filing the complaint. In *McNeil v. United States*, for example, the Court upheld the dismissal of a *pro se* plaintiff's claim under the FTCA where the plaintiff had filed a claim for administrative relief, but only after filing suit. 508 U.S. 106, 111–12 (1993). Nor, in such a case, can jurisdiction be restored by subsequent administrative action and the filing of a post-exhaustion amended complaint. *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005).

Here, it does not seem to be disputed that plaintiff has failed to exhaust the FTCA's administrative process prior to filing his complaint. That would require that he file an administrative claim with the appropriate federal agency using an SF-95 claim form. Plaintiff stated that he timely filed "security incident reports" with his employer. (*See* DE 1-1 at 4, 4). But plaintiff is

5

employed by Allied Universal Security Services, not the United States or its agencies. (*Id.* at 2).³ Accordingly, Torres has not complied with the FTCA's mandatory prerequisites.

It follows that this Court lacks subject-matter jurisdiction to entertain Torres' claims under Section 2675.

Because this dismissal is pursuant to Section 2675, certain options remain open to the plaintiff. Counsel for plaintiff is reminded that should Torres decide to file an administrative claim, he must comply with the time limitations outlined in 28 U.S.C. § 2679, which states in relevant part:

> (5) Whenever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure to present a claim pursuant to section 2675(a) of this title [28 U.S.C. § 2675(a)], such a claim shall be deemed to be timely presented under section 2401(b) of this title [28 U.S.C. § 2401(b)] if—
>
>> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>>
>> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Should Torres decide to file an administrative claim and exhaust administrative remedies, he will have then satisfied the prerequisite to filing a federal action. Such an action, if filed in federal court as an original matter, will not be subject to the derivative-jurisdiction defect that might doom the same case removed from state court. I take no position, however, on the merits of any motion to dismiss that the United States might then file.⁴

---

3    An action is not saved by the *post hoc* filing of an administrative claim while it is pending. The claim must be "finally denied by the agency in writing" before the action is filed. *See* 28 U.S.C. § 2675(a).

4    Because this Court lacks jurisdiction over this matter, the Rule 12(b)(6) issue of whether plaintiff sufficiently pled his claim for intentional infliction of emotional distress is not properly before the court. *See Willy v. Coastal Corp.* 112 S.Ct. 1076, 1080, 503 U.S. 131, 1371 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *Orthopedic Bone Screw Products Liability Litigation v. Eyster*, 132 F.3d 152, 155

## II.  Conclusion

Accordingly, for the reasons stated above, defendant's motion to dismiss (DE 3) is **granted** on FTCA failure-to-exhaust grounds **only**. An appropriate order follows.

Dated: December 30, 2019

**Kevin McNulty**
**United States District Judge**

---

(3d Cir. 1997)("If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so.").

7